IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES D. LEE, SVSP Chief Medical Officer, ROBIN RODRIGUEZ, SVSP Nurse Practitioner and DANIEL MASTO, M.D.,<br><br>　　　　Defendants.　　　　　　　　　　　／ | No. 09-01525 CW<br><br>ORDER OF SERVICE AND GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Docket # 10) |

　　　Plaintiff Michael Isreal, an inmate at Salinas Valley Prison (SVSP) in Soledad, California, originally filed this civil rights complaint in the form of a petition for a writ of habeas corpus. On August 24, 2009, the Court issued an Order of Dismissal and granted leave to amend with instructions for Plaintiff to file his complaint on the correct civil rights complaint form, name as a defendant each person who violated his civil rights with an explanation of how each person violated his rights, and provide proof of exhaustion of administrative remedies.

　　　On September 25, 2009, Plaintiff filed a civil rights

complaint alleging an Eighth Amendment claim for deliberate indifference to serious medical needs and providing proof of exhaustion of that claim. On September 28, 2009, he filed a motion for leave to proceed in forma pauperis (IFP).

## BACKGROUND

Plaintiff's complaint alleges the following. On August 30, 2007, Plaintiff was taken to Natividad Medical Center for a surgical hemorrhoidectomy to be performed by Defendant Dr. Daniel Masto. Due to Defendant Dr. Charles Lee's policy which prohibits most inmates from recovering from surgical procedures in the prison hospital, Plaintiff was subjected to torture by Nurse Practitioner Robin Rodriguez. She refused to comply with Dr. Masto's post-operation orders, causing Plaintiff's wounds to open and become infected. Nurse Practitioner Rodriguez also gave Plaintiff the wrong medication for twenty-one days which caused Plaintiff great pain and suffering. She also performed an invasive procedure on Plaintiff in an office with a filthy floor, causing him to develop an infection.

Plaintiff requested that Dr. Lee oversee Nurse Practitioner Rodriguez, but he did nothing. Dr. Masto mis-diagnosed Plaintiff or "botched" the surgery, causing Plaintiff unnecessary pain and suffering. Dr. Masto never did a follow-up examination after the surgery, although Plaintiff's recovery was abnormal. Dr. Lee and Nurse Practitioner Rodriguez refused to contact Dr. Masto when it became apparent that Plaintiff's recovery was abnormal despite Dr. Masto's order instructing them to call him if certain problems became evident.

2

1  Plaintiff suffered from bleeding and persistent pain after the
2  surgery.  The actions and inactions of Defendants caused Plaintiff
3  unnecessary pain and suffering from August 20, 2007 to the present.
4  Plaintiff seeks compensatory and punitive damages and an
5  injunction requiring Dr. Lee to hire an independent cancer
6  specialist to examine Plaintiff, and to transfer Plaintiff to the
7  SVSP medical facility.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

II. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the

3

Eighth Amendment's proscription against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. <u>McGuckin</u>, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Id.</u> (citing <u>Estelle v. Gamble</u>, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). A claim of mere negligence (medical malpractice) or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Because Plaintiff's post-surgery complications caused him a lengthy period of pain which may have been unnecessary, he sufficiently alleges that he had a serious medical need.

Plaintiff alleges that Nurse Practitioner Rodriguez and Dr. Lee knew that his recovery from surgery was abnormal, but did not contact Dr. Masto even though Dr. Masto told them to do so if any abnormal post-operative conditions appeared. This is sufficient to state a cognizable claim for deliberate indifference to serious medical needs against Nurse Practitioner Rodriguez and Dr. Lee.

4

Plaintiff alleges that Dr. Masto never saw him after the surgery for a post-operative examination even though his recovery was abnormal. However, Plaintiff's allegation that Nurse Practitioner Rodriguez and Dr. Lee violated Dr. Masto's order to tell him if Plaintiff's recovery was abnormal indicates that Dr. Masto was not aware of Plaintiff's post-surgery condition. Without knowledge of Plaintiff's condition, Dr. Masto could not have been deliberately indifferent to Plaintiff's serious medical need. If Dr. Masto "botched" Plaintiff's surgery or mis-diagnosed Plaintiff, he might be liable for the state law tort of medical negligence, but he would not be liable for an Eighth Amendment violation.

Therefore, Plaintiff has stated a cognizable Eighth Amendment claim against Nurse Practitioner Rodriguez and Dr. Lee; he has not stated a cognizable Eighth Amendment claim against Dr. Masto. The claim against Dr. Masto is dismissed with leave to amend. Plaintiff may reassert the claim in an amended complaint only if he can in good faith allege a valid basis for liability.

III. Application for IFP Status

Plaintiff has filed a completed and signed IFP application in this action and the necessary supporting documentation. See 28 U.S.C. § 1915(a)(2). Because those documents establish Plaintiff's eligibility for IFP status, Plaintiff's IFP application is GRANTED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's application for in forma pauperis status (Docket # 10) is GRANTED. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is

5

$0.00.  A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

    2.    The Clerk of the Court shall mail to Nurse Practitioner Rodriguez and Dr. Lee: a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, and a copy of this Order.  The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that

6

1  more completely describes the duties of the parties with regard to
2  waiver of service of the summons.  If service is waived after the
3  date provided in the Notice but before Defendants have been
4  personally served, the Answer shall be due sixty (60) days from the
5  date on which the request for waiver was sent or twenty (20) days
6  from the date the waiver form is filed, whichever is later.

   4.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a.   No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to

7

> oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue
> of material fact -- that is, if there is no real dispute
> about any fact that would affect the result of your case,
> the party who asked for summary judgment is entitled to
> judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what
> your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided
> in Rule 56(e), that contradict the facts shown in the
> defendant's declarations and documents and show that
> there is a genuine issue of material fact for trial.  If
> you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against
> you.  If summary judgment is granted [in favor of the
> defendants], your case will be dismissed and there will
> be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c.  If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's

8

opposition is filed.

       d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

    8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    9. Plaintiff is given leave to file an amended complaint to add allegations, if he can do so truthfully, to remedy the deficiencies noted above in his Eighth Amendment claim against Dr. Masto. He must include the above case number in the caption and entitle it "First Amended Complaint." If Plaintiff chooses to file an amended complaint, he must do so within thirty days from the date of this order. If Plaintiff fails to file an amended complaint within thirty days, the claim against Dr. Masto shall be

9

dismissed with prejudice.

    10.  The Clerk of the Court shall send Plaintiff a blank § 1983 civil rights complaint form.

    IT IS SO ORDERED.

DATED: May 18, 2010

    CLAUDIA WILKEN
    United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee.  Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

    The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

    Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case.  The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.**  The initial partial filing fee is due within thirty days of the date of the attached order.  Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
        Finance Office

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ISREAL,

    Plaintiff,

v.

A. HEDGPETH et al,

    Defendant.

Case Number: CV09-01525 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Isreal C-11296
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: May 18, 2010

    Richard W. Wieking, Clerk
    By: Ronnie Hersler, Administrative Law Clerk